IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. NO. 2:10cr186-MHT |
| ) | |
| RONALD E. GILLEY, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO CONTINUE TRIAL AND
TO AMEND SCHEDULING ORDER**

Comes now the Defendant, Ronald E. Gilley ("Gilley" or "Defendant"), by and through undersigned counsel and hereby respectfully moves this Honorable Court to continue trial in the above-styled matter and to adjust the scheduling order accordingly. As grounds in support thereof Defendant states as follows:

1. Counsel for Gilley has conferred with counsel for all Defendants in this case and, although each will file separate motions regarding a continuance per the Court's instructions, hereby represents that Defendants Massey, Coker, Geddie, Crosby, Preuitt, Means, Ross, Smith and Walker support the request for a continuance of the trial of this case.

2. The indictment in this case was returned on Friday, October 1, 2010, and unsealed on Monday, October 4, 2010, at which time Gilley and all other defendants were arrested. All Defendants had an initial appearance on October 4, 2010 and were released on bond. (Dkt. No's. 3, 17, 33).

3. Gilley and all Defendants were arraigned on Friday, October 15, 2010. (Dkt. No's 120 to130). A scheduling conference was also held following arraignment. (Dkt No. 119).

4. On October 18, 2010, the Court entered a scheduling order (Dkt. No. 132) setting forth the following schedule:

    a. 10/15/2010- Government's initial disclosures due

    b. 10/22/2010- Additional Government disclosures due

    c. 10/29/2010- Defendants' discovery due

    d. 11/15/2010- Pre-trial conference set

    e. 03/38/2011- Voir Dire due

    f. 04/04/2011- Jury selection and trial set

5. Following a discovery conference held on November 3, 2010, the Court entered an order continuing the due date for Defendants' discovery to 12/30/2010. (Dkt. No. 186).

6. Pursuant to the Standing Order on Criminal Discovery and the Court's scheduling order in this case, the Government began the process of providing Defendants with discovery. The volume of discovery, however, is massive and has been ongoing since the first discovery was turned over on October 15th. Likewise, the discovery compliance process has been riddled with problems and delays from day one.  All discovery has been in electronic format and the problems associated therewith have been complicated, widespread, and the subject of numerous e-mails, letters and phone calls between defense counsel and the Government.  Rather than attempting to chronicle all of the problems and efforts to correct the problems associated with the Government's discovery, Defendant is filing <u>under seal</u> copies of correspondence dated November 15, 17 19 and 29, 2010, that outline the history of the Government's discovery and the problems encountered by defense counsel. (See Exhibits 1-4)

7. As noted, even with discovery ongoing, the discovery in this case to date is massive. Since October 15, 2010, and on a rolling basis, the Government has produced over

2700 calls deemed "pertinent" by the Government, 50 hours of consensual recordings, and over 180,000 bates-numbered pages of documents. It should be noted, however, that the Government has also produced so many computer disks that have significant quantities of information that are not bates-numbered that it is hard to know where the final number of pages will end up.

8. Gilley does not ascribe any bad faith on the part of the Government with regard to the problems associated with discovery. The Government alone, however, controlled the timing of the indictment that triggered their discovery obligations under the Standing Order and the fact remains that production has been a "rolling production" rather than a process completed by October 22, 2010, as ordered by the Court. Moreover, the Government apparently believes that compliance obligation under the Standing Order regarding the production of *Brady* material, *Giglio* material and 404(n) evidence are satisfied by simply including said material among the 180,000 plus pages of documents and house upon hours of tape recordings. The Government has yet to identify any *Brady*, *Giglio* or 404(b) material in the discovery that has been produced, thereby making a closer inspection of said material more important and time consuming.

9. In addition to the rolling production thus far, Gilley and others have requested additional material that Defendants believe is material to the defense and/or necessary to prepare motions to suppress. These matters were also discussed at a telephonic "meet and confer" on Tuesday, November 29, 2010. While certain matters were resolved, others were not and other were carried over for further discussion. It is expected, however, that Court intervention will be requested on a number of items and that additional discovery, including transcripts of recordings that must be compared to the recordings themselves in an effort to reach an agreement regarding content, will be forthcoming.

10. Defendants and their counsel are working diligently to review and evaluate the massive amount of material that has been provided. Given the volume of material, however, it would candidly take a herculean effort to adequately review the materials in order to meet the December 30th motions/defense discovery deadline and the April 4, 2011 trial date. To do so, given the problems and delays associated with the Government's discovery is simply impossible. Additional time is needed to review, analyze, investigate and prepare a defense based on the discovery that is being provided.

11. In addition to the need to continue the deadlines for motions defense discovery and the trial setting, Defendant also respectfully submits that the 90 day period between the filing of motions and trial is an inadequate amount of time for the parties to fully brief said motions and obtain a ruling by the Court. Gilley fully expects that the number of motions will be extensive and that several, including motions to compel and motions to suppress, will require oral arguments and in some cases an evidentiary hearing. While this may not be a problem for the United States, the Defendants are not all blessed with a team that can be solely responsible for discovery, another team that is responsible for motions and another team that prepares for trial. Accordingly, Defendants will be unduly prejudice if not given adequate time between motions and trial. It is respectfully submitted that given the volume of discovery and the expected extensive motion practice that is to come, a minimum of 120 days, or 4 months, should be allocated for the completion of the motion phases of the case (filing to ruling) and another minimum 120 day period between the motion phase of the case and trial.

12. Defendant Gilley urges this Honorable Court to find that the ends of justice served by granting a continuance past the April 4, 2011, trial date outweigh the interest of the

public and the defendant in a speedy trial. Title 18 U.S.C. § 3161(h)(7)(B) sets out the factors which the Court must consider in determining whether to grant a continuance.

13. One of the factors that the Court must consider in determining whether to grant such a continuance is whether the failure to grant the continuance would result in a miscarriage of justice. (See Title 18 U.S.C. § 3161(h)(7)(B)(i)). Undersigned counsel believe, that a miscarriage of justice would likely occur if the Defendant is forced to go to trial without the benefit of having fully examined the evidence against him. The vast amount of evidence provided must be examined in order to determine if it can be used in the defense of the case, in the examination of a witness or the preparation of motions. Each item of evidence must be examined for content and context. It is a meticulous and time consuming process that often must be cross-referenced with other evidence. In addition, counsel for the Defendant must pursue additional evidence not provided or originally sought by the Government in order to represent the interest of the Defendant. Unlike the United States, counsel for the Defendant has not had the opportunity to review and analyze the evidence on an ongoing basis during the course of the investigation. The work of defense counsel in preparing for trial is just beginning while the Government is in the home stretch. Without more time to review and analyze the massive amount of discovery in this case, a miscarriage of justice is likely to occur.

14. Another factor that the Court must consider in determining whether to grant the requested continuance is whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. (See Title 18 U.S.C. § 3161(h)(7)(B)(ii)). The Court has essentially already made this finding at arraignment before any discovery was

released. Since that time, the complexity of the case has not diminished, but has in fact become more complex. For instance, the Government has provided the defendants with discovery from more than one prior investigation which must be analyzed in conjunction with the present case. The number of defendants, the nature of the prosecution involving literally hundreds of thousands of documents, 2700 pertinent telephone calls and over 50 hours of consensual recordings that must be reviewed and analyzed make it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act or the time currently set by the Court. Finally, based just on what has been has been produced so far, counsel for Defendant Gilley is of the firm opinion that novel questions of law surrounding the use of wiretaps, consensual recordings and statutory interpretation, among other things are highly likely.

15. The granting of a motion for continuance of trial is within the sound discretion of the trial court. *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). Gilley respectfully submits that the granting of the instant motion is an appropriate exercise of this Honorable Court's discretion for the reasons articulated herein, and that a continuance best serves the ends of justice.

16. Defendant Gilley has previously waived his rights under the Speedy Trial Act, 18 USC § 3161, *et seq.* and is prepared to do so again pursuant to a new trial setting.

Wherefore, based on the foregoing, Defendant Ronnie Gilley respectfully moves this Honorable Court for an order granting the following relief:

    A. Continue the Defendants motion and discovery deadline 42 days to February 10, 2011;

   B. Issue a Scheduling Order for the briefing and consideration of all motions that contemplates rulings no later than approximately 120 days after the initial filing deadline, which is May 27, 2011, and

   C. Continue the trial to September 19, 2011, which is just under 120 days between the motion phase of the case and trial.

Done this the 30th day of November, 2010.

                Respectfully submitted,

                /s/ G. Douglas Jones
                G. Douglas Jones

**OF COUNSEL**:
Thomas J. Butler
Haskell Slaughter Young & Rediker, LLC
1400 Park Place Tower
2001 Park Place
Birmingham, AL 35203
Phone:  (205) 251-1000
tb@hsy.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 30th day of November, 2010, filed the foregoing with the Clerk of Court via CM/ECF and an electronic copy of the same has been sent to the following:

Louis V. Franklin, Sr.
Assistant U. S. Attorney
131 Clayton Street
Montgomery, Alabama 36104

Stephen P. Feaga
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL 36101-0197

Peter J. Ainsworth
Eric Olshan
Barak Cohen
Brenda K. Morris
Emily R. Woods
U.S. Department of Justice
Public Integrity Section
1400 New York Avenue-NW 12th Floor
Washington, DC 20005

Joe Espy, III
William M. Espy
Bejamin J. Espy
MELTON, ESPY & WILLIAMS, PC
P.O. Box Drawer 5130
Montgomery, AL 36103

Fred D. Gray
Waiter E. McGowan
GRAY, LANGFORD, SAPP
McGOWAN, GRAY, GRAY
& NATHANSON, P.C.
P.O. Box 830239
Tuskegee, AL 36083-0239

Robert D. Segal
David Martin
Shannon Holliday
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, Alabama 36101-0347

Sam Heldman
THE GARDNER FIRM, P.C.
2805 31st Street NW
Washington, DC 20008

Stewart D. McKnight
Joel E. Dillard
William J. Baxley
Baxley, Dillard, Dauphin, McKnight & Barclift
2008 Third Avenue South
Birmingham, AL 35233

Brett M. Bloomston
Attorney at Law
1330 21st Way South, Ste 120
Birmingham, AL 35205

William N. Clark
Stephen W. Shaw
Redden Mills & Clark
505 North 20th Street, Suite 940
Birmingham, AL 35203

Ron W. Wise
Attorney at Law
200 Interstate Park Drive, Suite 105
Montgomery, AL 36109

H. Lewis Gillis
Latasha M. Nickle
Tyrone C. Means
Thomas Means Gillis & Seay
P.O. Drawer 5058
Montgomery, AL 36103

J. W. Parkrnan, III
Richard M. Adams
William C. White, II
Parkman, Adams & White
505 20th Street North, Suite 825
Birmingham, AL 35203

Susan G. James
Denise A. Simmons
Susan G. James & Associates
600 S. McDonough Street
Montgomery, AL 36104

Thomas M. Goggans
Attorney at Law
2030 East Second Street
Montgomery, AL 36106

Samuel H. Franklin
Jackson R. Sharman, III
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203

Joseph J. Basgier, III
Bloomston & Basgier
1330 21st Way South, Suite 120
Birmingham, AL 35235

John M. Englehart
Englehart Law Office
9457 Alysbury Place
Montgomery, AL 36117-6005

Joshua L. McKeown
The Cochran Firm Criminal Defense-Birmingham LLC
505 20th Street North
Suite 825
Birmingham, AL 35203

Jeffery Clyde Duffey
Law Office of Jeffery C. Duffey
600 South McDonough Street
Montgomery, AL 36104

/s/ G. Douglas Jones_____
OF COUNSEL