IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CR. NO. 2:10cr186-MHT |
| ) | |
| ) | |
| RONALD E. GILLEY, ) | |
| THOMAS E. COKER, ) | |
| ROBERT B. GEDDIE JR., ) | |
| JARROD D. MASSEY, ) | |
| LARRY P. MEANS, ) | |
| JAMES E. PREUITT, ) | |
| QUINTON T. ROSS JR., ) | |
| JARRELL W. WALKER JR., ) | |
| and ) | |
| JOSEPH R. CROSBY, ) | |
| ) | |
| Defendants. ) | |

UNITED STATES' OPPOSITION TO DEFENDANTS GILLEY, COKER, GEDDIE,
MASSEY, MEANS, PREUITT, ROSS, WALKER, AND CROSBY'S MOTIONS
TO CONTINUE TRIAL AND AMEND SCHEDULING ORDER

The United States of America, through undersigned counsel, hereby opposes defendants Gilley, Coker, Geddie, Massey, Means, Preuitt, Ross, Walker, and Crosby's motions to continue trial and amend the Court's scheduling order.

In accordance with the requirements of this Court and relevant law (e.g., the Court's Standing Order on Criminal Discovery, dated February 4, 1999; Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Giglio, 405 U.S. 150 (1972)) the United States provided the Defendants with the near-totality of the discovery to which they were entitled by October 22, 2010, more than five months before the current trial date. Since that date, the United States has

continuously helped the defendants to review the discovery.  Put simply, this is a tape case, and the defendants have had all of the relevant recordings for almost two months already.  Even so, in their motions the defendants beat the drum for a continuance, claiming that a miscarriage of justice will result absent additional time to prepare for trial.  Complaining of voluminous discovery, a supposedly piecemeal discovery production, and technological problems with discovery provided in electronic form, the defendants fail to identify a single well-founded reason why the Court's current scheduling order should not stand.  Their motions should therefore be denied.

## I.    PROCEDURAL BACKGROUND

On October 1, 2010, a grand jury sitting in the Middle District of Alabama indicted the defendants for numerous bribery offenses, and the Indictment was unsealed on October 4, 2010.  (Dkt. Nos. 3, 17.)  Also on October 4, 2010, the defendants had their initial appearances before the Court, which subsequently released them on bond.  (Dkt. No. 33.)  The defendants were arraigned on October 15, 2010, (Dkt. Nos. 120-30), and the Court held a scheduling conference following arraignment, (Dkt. No. 119).  On October 18, 2010, the Court filed a scheduling order requiring that the United States finish producing its discovery to the defense by October 22, 2010, and scheduling trial to commence on April 4, 2011.  (Dkt. No. 132.)

## II.   ARGUMENT

Among the factors considered by the Eleventh Circuit when assessing motions to continue trial are (1) time available for trial preparation, (2) likelihood of prejudice from the denial of the continuance, (3) defendants' roles in shortening the effective trial preparation time, (4) complexity of the case, and (5) the availability of discovery from the prosecution.  <u>United</u>

States v. Garmany, 762 F.2d 929, 936 (11th Cir. 1985) (citation omitted) (cited with approval by United States v. Edouard, 485 F.3d 1324, 1350 (11th Cir. 2007). None of these factors support granting a continuance here nor amending the Court's scheduling order to provide the defendants with additional time to prepare for trial.

  **A. The Defendants Have Ample Time To Prepare For Trial.**

  As an initial matter, the defendants received the overwhelming majority of discovery from the United States on or by October 22, 2010, the discovery deadline set by the Court for the United States. There was no "rolling," "piecemeal," or "continued" production, as the defendants claim. By October 22, 2010, the United States had provided the defendants with nearly all of the discovery to which they were entitled. In particular, by that date the defendants had received the discovery central to the Indictment, including all consensual and wiretap recordings (excluding those deemed non-pertinent or tentatively privileged pending the Court's decision as to their production), as well as financial documents.

  To be sure, the United States has supplemented that discovery, but such discovery pales in volume and significance relative to the previous disclosures. The "supplemental" discovery was, in fact, almost entirely redundant. In nearly every instance, it merely comprised previously disclosed material in new formats following defense complaints regarding the alleged inaccessibility of the original discovery. For example, on several occasions the United States provided the defense with hard-copy printouts of material previously provided to the defense in a readily accessible electronic form (i.e., computer disks). The United States provided the hard-copy printouts to help facilitate defendants' ability to review discovery following complaints regarding the accessibility of a small number of electronic copies of the material. Exhibits 1-4,

communications between the United States and the defendants that defendant Gilley filed under seal and referenced in his motion, clearly reflect these efforts.

A continuance is wholly unnecessary under these circumstances. The defense has not been prejudiced: The defendants have had well over a month to review the discovery produced by the United States, and they still have approximately four additional months to continue to review the discovery. This is surely sufficient time in which to prepare for trial, even in an arguably complex case. Furthermore, as explained below, mindful of its discovery obligations, the United States has gone to great lengths to facilitate the defendants' trial preparation, and continues to do so.

  **B.** **The United States Has Taken Extraordinary Steps To Ensure That The Defendants Have Time To Adequately Prepare For Trial.**

The United States has taken extraordinary measures to ensure (1) that discovery is complete and (2) to facilitate the defendants' ability to review the discovery.

First, in determining whether material is discoverable and ought to be produced, the United States has erred on the side of disclosure. It is indeed troubling that the defendants apparently seek to exploit the good-faith expansiveness of the United States' disclosures by complaining that reviewing the produced material is burdensome. Still, because the United States takes its discovery obligations very seriously, much energy has been expended to make abundant material available to the defendants.

Second, the United States has set up a standalone computer at the offices of the Federal Bureau of Investigation ("FBI") in Montgomery, Alabama; uploaded nearly all of the electronic

discovery produced by the United States onto the computer;[1] and has made the computer available to the defense by appointment.  The United States took these actions in response to defendants' complaints that they could not access data on certain computer-disk copies produced in discovery, despite the fact that the United States was able to access nearly all of the allegedly problematic data from the master disks as well as its own working copies.[2]  Through the use of the standalone computer, the defendants should no longer perceive any significant hurdles in reviewing the electronic discovery provided in this case.  To date, not a single member of the defense has utilized the standalone computer.

Third, consistent with its efforts to facilitate discovery through the standalone computer, the United States has patiently endeavored to guide the defendants through their technological grievances, even when it has been clear that electronic discovery provided to the defendants was readily accessible.  Exhibits 1-4, the previously mentioned attachments to defendant Gilley's motion, briefly describe some of the guidance provided by the United States.  At bottom, the defendants' grievances have concerned only a relatively minuscule amount of discovery, much of which, it must be emphasized, the United States has had no difficulty accessing.

Although the defendants' motions echo with the repeated claim that failure to grant a

---

[1] The exception is the "image," or forensic copy, created of two computers belonging to defendant Crosby.  The image was provided to the defendants on external hard drives provided by the United States, and the United States advised the defendants that the data on the image can be read using specified software.  Nevertheless, the United States has made its copy of the image available for the defense in Mobile, Alabama, and also is working to upload the image onto the standalone computer in Montgomery, Alabama.

[2] It is particularly ironic that some of the data remains inaccessible to both the United States and the defendants because it was produced electronically to the United States pursuant to grand jury subpoenas in a corrupted form by organizations controlled by some of the very defendants now moving for continuances.

continuance and amend the scheduling order would result in a miscarriage of justice, that claim rings hollow.  Indeed, the United States has worked assiduously to provide discovery and to facilitate the review of that discovery, and ample time remains for the defendants to prepare for trial.  Their motions should be denied.

### C.     The Defendants Should Be Tried Together.

Only nine of the eleven defendants charged in the Indictment have moved for a continuance and to amend the scheduling order. Yet all of the defendants are charged with participating in a single conspiracy, which will be proven with a single set of recorded conversations, documents, and witness testimony. The defendants should be tried together, in a single trial that will ensure effective use of judicial resources.  A continuance as to a limited number of defendants would necessitate an unwarranted severance, and should, therefore, be denied.

A severance should not be granted based on unsupported statements regarding alleged trial-preparation concerns.  "It is well settled that defendants who are indicted together are usually tried together," and this is "particularly true in conspiracy cases," such as this case. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007).  Indeed, severing the trials of the non-moving defendants purely on the basis of a continuance ignores binding precedent. See Zafiro v. United States, 506 U.S. 534, 539 (1993) (Ruling that "[t]here are only two circumstances in which severance is the only permissible remedy": where there is a serious risk that a joint trial "would compromise a specific trial right of one of the defendants," or "prevent the jury from making a reliable judgment about guilt or innocence.") (cited with approval by Browne, 505 F.3d 1269).  In this case, severance of defendants McGregor and

6

Smith, who have not joined in the motion for a continuance, would waste judicial resources by forcing the Court to adjudicate two highly similar, overlapping, and lengthy trials. Such duplicative efforts are unwarranted here, and should be avoided entirely by denying the defendants' motions.

### III. CONCLUSION

For the foregoing reasons, the Court should deny defendants Gilley, Coker, Geddie, Massey, Means, Preuitt, Ross, Walker, and Crosby's motions to continue trial and amend the Court's scheduling order.

Respectfully submitted,

LANNY A. BREUER
Assistant Attorney General, Criminal Division
Attorney for the United States
Acting Under Authority of 28 U.S.C. § 515

JACK SMITH, Chief
Public Integrity Section

By: /s/ Barak Cohen
BARAK COHEN
Trial Attorney
Public Integrity Section
U.S. Department of Justice
1400 New York Ave., NW, 12th Floor
Washington, DC 20005
(202) 514-1412

<u>CERTIFICATE OF SERVICE</u>

    I hereby certify that a copy of the foregoing was served on counsel of record through the Court's electronic filing system this <u>9</u>th day of <u>December</u>, 2010.

                                                      /s/ Barak Cohen
                                                      BARAK COHEN